# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JENELL M. QUEE,<br><br>      Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C05-4041-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income and Title II disability insurance benefits. Judge Zoss determined that there was substantial evidence in the record as a whole to support a finding that Jenell M. Quee ("Quee") is disabled due to tendon, ligament, and muscle damage to her arm and shoulder, 48% kidney function, diabetes, with vision complication, high blood pressure, high cholesterol, low oxygen levels, and decreased leg strength and circulation. Judge Zoss determined the dates of disability to be June 19, 2002 through June 22, 2003.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

The Commissioner filed an "objection" pointing out that there is a five month mandatory waiting period for Social Security Disability Insurance benefits under the Social Security Act and regulations. ( Doc. No. 11). The court does not regard this filing as a proper and valid objection to Judge Zoss's findings in the Report and Recommendation. The date of disability, the calculation of benefits and the applicability of factors, including waiting periods, is the role of the Commissioner. *See* 20 C.F.R.§ 404.316. In this case, no party has filed a timely valid objection nor has any party made a request for an extension of time to do so.

Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir.1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed).

In this case, no valid and proper objections have been filed and it appears to the court, upon review, that there are no grounds to reject or modify the Report and Recommendation. The ALJ's decision to deny benefits is **overruled.** Therefore, the court adopts Judge Zoss's Report and Recommendation with the dates of disability being from

June 19, 2002 through June 22, 2003. Judgment shall enter in favor of Quee.

**IT IS SO ORDERED.**

**DATED** this 14th day of March, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA